**IN THE COURT OF APPEALS OF IOWA**

No. 16-1895
Filed February 8, 2017

**IN THE INTEREST OF G.D. and A.D.,**
**Minor children,**

**VICKI R. DANLEY, guardian ad litem,**
        Appellant.

_____


        Appeal from the Iowa District Court for Page County, Amy L. Zacharias, District Associate Judge.


        A guardian ad litem appeals the dismissal of a child-in-need-of-assistance petition. **REVERSED AND REMANDED.**


        Vicki R. Danley, Sidney, appellant.

        William C. Bracker of Law Office of Bill Bracker, Council Bluffs, for appellee mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.


        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

A guardian ad litem (GAL) appeals the dismissal of a child-in-need-of-assistance petition. The GAL contends the State proved that two children, born in 2010 and 2012, were children in need of assistance.

## I.    *Background Facts and Proceedings*

Our de novo review of the record reveals the following facts. An Iowa man traveling through Nebraska contacted police to report that he was threatened by certain people while staying at a nearby hotel. The man had two children with him.

One of the officers who interacted with the father was a certified drug recognition expert. According to a police report, the officer immediately noticed that the father "appeared to be under the influence of a . . . [s]timulant, likely methamphetamine." The officer "observed him to be hyperactive," "very twitchy in his movements," exhibiting "random spasms of his muscles" and dilated pupils, and occasionally grinding his teeth. The father admitted he and the children's mother "had been using methamphetamine all day in the hotel room with the children present." The father showed the officer "his track marks on his arms which all appeared very recent."

Another officer went to the hotel and spoke to the mother. This officer was also experienced "in dealing with individuals under the influence of methamphetamine." According to the officer, the mother "appeared highly impaired by drugs." The officer noted that the hotel room "was in disarray and was extremely dirty" and "[i]t appeared to be a very unsafe environment for two young children."

The mother told the officer that the father had been "hallucinating from his meth use" and "tore up the hotel room thinking that someone was hiding in there." The officer noted that the mother "did nothing to prevent [the father] from taking the kids in this state and did not summon any help." Although the mother denied using methamphetamine, the officer noted "fresh track marks on her arms."

Police opined that "[n]either [the father or mother] appeared to be in any condition to care for [the children]." Both parents were cited for felony child neglect in Nebraska. The officers learned that the family was known to the Iowa Department of Human Services and the agency had been looking for the children for three days. The department was notified of the circumstances.

The State of Iowa filed a child in need of assistance petition. See Iowa Code § 232.2(6)(c)(2), (n) (2016) (defining child in need of assistance).[1] Both children were temporarily removed from the parents' custody and were placed with their paternal grandfather. Following an adjudication hearing, the district court found insufficient evidence to support the grounds for adjudication and dismissed the child-in-need-of-assistance petition. The GAL appealed.

---

[1] We do not discern a problem with Iowa's exercise of jurisdiction. *See L.N.S. v. S.W.S.,* 854 N.W.2d 699, 705 (Iowa Ct. App. 2013) (applying the Uniform Child-Custody Jurisdiction and Enforcement Act). The Iowa department was extensively involved with the family before the incident that precipitated this action, having investigated child abuse allegations in 2013 and 2014. Although the mother lived in Oklahoma and received child welfare services there for a period of time, she notified the Oklahoma agency of her move to Iowa and there is scant if any evidence Oklahoma had an open case involving these children. At the time this action was filed, she and the children lived in western Iowa. Although they were found in Nebraska, they were simply in transit.

## II.    Analysis

### A.    Iowa Code section 232.2(6)(c)(2)

Iowa Code section 232.2(6)(c)(2) defines a "[c]hild in need of assistance" as a child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child." "'[H]armful effects' . . . pertains to the physical, mental or social welfare of a child." *In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014) (citation omitted). "Because of this broad definition, we have found such effects established when there was harm to a child's physical, mental, or social well-being or such harm was imminently likely to occur." *Id.* at 41-42. "[A] juvenile court could reasonably determine that a parent's active addiction to methamphetamine is 'imminently likely' to result in harmful effects to the physical, mental, or social wellbeing of the children in the parent's care." *Id.* at 42.

On our de novo review, we are persuaded the State proved this ground by clear and convincing evidence. Officers with expertise in discerning active methamphetamine use believed both parents recently injected methamphetamine in the children's presence. A department child protective worker testified she visited the children after they were returned to Iowa. The older child told her both parents were using syringes in the motel room.

The worker testified to the department's "history" with the mother. Specifically, the mother lost custody of a teenage daughter and a preadolescent son "because of her methamphetamine addiction." Although the mother denied recent methamphetamine use, the worker noticed track marks on her arms "in

varying degrees of healing" and the father told her both of them "were heavily using methamphetamine [intravenously]."

We recognize the mother subsequently tested negative for methamphetamine. However, the first drug test was taken six days after the Nebraska episode and there was evidence the mother used methods to mask her drug use.

We also have considered the mother's testimony that the track marks on her arms were permanent scars from her earlier drug use. This testimony was refuted by the officer who spoke to her at the motel.

### B. Iowa Code section 232.2(6)(n)

Iowa Code section 232.2(6)(n) defines a child in need of assistance as a child "whose parent's or guardian's mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care." On our de novo review, we are persuaded the State proved this ground by clear and convincing evidence.

The father admitted to active drug use. When police intervened, the children were not properly restrained in their car seats, were filthy, and were traveling with an actively hallucinating parent. At the time of the adjudicatory hearing, the father was incarcerated.

The mother also admitted to methamphetamine addiction. Although she denied current use, abundant evidence contradicted her assertion. As for the children's welfare, they were in the mother's care shortly before the father left with them and their living situation was unhealthy and unsafe.

***III.*** ***Disposition***

Because both grounds for adjudication were proved, we reverse the dismissal of the child-in-need-of-assistance petition and remand for further proceedings. In light of our disposition, we find it unnecessary to address the GAL's contention that the court should have ordered a new trial based on newly discovered evidence.

**REVERSED AND REMANDED.**